**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| JUDITH THOMAS<br>8752 Lincoln Street<br>Savage, Maryland 20763 (Howard County)<br><br>*on her own behalf and on behalf of*<br>*all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SUNSHINE FINANCIAL GROUP, LLC<br>9 Newburg Avenue, Suite 201<br>Catonsville, MD 21228<br>**Serve On:**   Scott Morse<br>              9 Newburg Avenue, Suite 201<br>              Catonsville, MD 21228<br><br>LAW OFFICE OF J. SCOTT MORSE, LLC<br>D/B/A THE DEBT RECOVERY LAW CENTER<br>9 Newburg Avenue, Suite 201<br>Catonsville, MD 21228<br>**Serve On:**   J. Scott Morse<br>              9 Newburg Avenue, Suite 201<br>              Catonsville, MD 21228<br><br>              Defendants. | CLASS ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>**Case No.** _____ |

## <u>COMPLAINT</u>

Plaintiff Judith Thomas ("Thomas"), on her own behalf and on behalf of all others similarly situated, through her attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Class Action Complaint against Sunshine Financial Group, LLC ("Sunshine Financial") and Law Office of J. Scott Morse, LLC d/b/a The Debt Recovery Law Center ("Scott Morse"), and states:

## I.    <u>INTRODUCTION</u>

1.      This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing date of this Complaint.

2.      The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4.      Defendants are Maryland limited liability companies actively participating in collecting debts from consumers located in Maryland.

5.      Defendant Sunshine Financial is an entity that acquires defaulted consumer debt that is bought for a few cents on the dollar.

6.      Defendant Scott Morse is a debt collection law firm that attempts to collect debts on behalf of Sunshine Financial.

7.      Defendants attempt to collect debts from Maryland consumers through the United States mails and by filing debt collection law suits in Maryland's District Courts.

8.      Defendants conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

9.      Defendant Scott Morse purchases debt in the name of Defendant Sunshine Financial.

10.      Defendant Sunshine Financial then refers all collection activity to Defendant Scott Morse as a lawyer for Defendant Sunshine Financial.

11.      By setting up a third-party debt buying limited liability company Defendants are able to hoodwink consumers and the Maryland courts into allowing Defendants to recovery attorney's fees even though the contract and applicable law does not allow it.

12.      Defendants regularly communicate with Maryland consumers while at the same time unfairly and deceptively: (a) inflating the amount of the alleged debt by attaching unearned and unavailable attorney's fees and predatory interest rates to the total alleged to be due and owing; (b) affirmatively asserting that Scott Morse was hired by Sunshine Financial to collect the alleged debts when in fact Scott Morse is the sole owner of Sunshine Financial; and (c) failing to disclose that Scott Morse is the sole owner of Sunshine Financial and is acting on behalf of himself in collecting debts for Sunshine Financial.

13.      The communications from Defendants to Plaintiff and the Class were generally contradictory, inaccurate and misleading.

14.      Thomas institutes this class action against Defendants on her own behalf and on behalf of all others similarly situated for violations of statutory, common law and contractual obligations and seeks to recover actual damages, statutory damages, interest, attorney fees, and

the costs of this action against Defendants for multiple violations of FDCPA, MCDCA, MCPA and Maryland common law.

## II.   PARTIES

15.     Plaintiff Judith Thomas is a natural person currently residing at 8752 Lincoln Street, Savage, Maryland 20763 (Howard County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

16.     Defendant Sunshine Financial is a limited liability company formed under the laws of the state of Maryland with a business address of 9 Newburg Avenue, Suite 201, Catonsville, MD 21228.

17.     At all times relevant to this Complaint, Sunshine Financial transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

18.     Sunshine Financial is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

19.     Defendant Scott Morse is a limited liability company formed under the laws of the state of Maryland with a business address of 9 Newburg Avenue, Suite 201, Catonsville, MD 21228.  In Maryland, Defendant Scott Morse is also known as The Debt Recovery Law Center.

20.     At all times relevant to this Complaint, Scott Morse transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

21.     Scott Morse is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

**III.     JURISDICTION AND VENUE**

22.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

23.     Supplemental Jurisdiction for the state law claims arise under 28 U.S.C. § 1367.

24.     Venue is proper in this Court because Defendants transact business within this District, the conduct complained of occurred in the District and both Defendants reside in this District.

**IV.     FACTUAL ALLEGATIONS**

25.     At some point in time, Thomas applied for consumer credit in the form of a 99.88% interest rate loan from First Bank of Delaware with an annual percentage rate of 98.88%.

26.     First Bank of Delaware provided a 98.88% interest rate loan and required Thomas to pay in monthly installments.

27.     The 99.88% interest rate loan was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

28.     The Promissory Note and Disclosure Statement provided by First Bank of Delaware stated that "in the event that any Holder is required to employ an attorney at law to collect any amounts due under the Note, I will be required to pay the reasonable fees of such attorney to protect the interest of Holder or to take any other action required to collect the amounts due hereunder."

29.     Thomas was unable to repay the 99.88% interest rate loan from First Bank of Delaware and subsequently defaulted on the account.

30.     Subsequent to Plaintiff Thomas' default on the 99.88% interest rate loan, Defendant Sunshine Financial acquired the rights to collect on the account for a few cents on the dollar.

31.     Beginning on or around July 16, 2010, Defendant Sunshine Financial through its attorney Defendant Scott Morse began communicated with Plaintiff Thomas in writing through the United States mails in an attempt to collect on the alleged debt.

32.     In the July 16, 2010 letter, Defendant Scott Morse stated that the balance due included "attorney fees" and noted that a subsequent collection action would seek "attorney fees[.]"

33.     Moreover, in the July 16, 2010 letter, Defendant Scott Morse identified Defendant Sunshine Financial as "my client" on at least 5 separate occasions.

34.     The July 16, 2010 letter also warned that Defendants would "proceed against [Plaintiff] to the fullest extent of the law and collect all unpaid interest, costs, late fees, and attorney fees that have accrued."

35.     Defendant Sunshine Financial through its attorney Scott Morse brought a small claim action in the District Court of Maryland for Howard County docketed as Case Number 100100075012010 (hereafter "Howard County Lawsuit") against Plaintiff on December 10, 2010 in an attempt to have a judgment entered against Plaintiff for the alleged debt on the First Bank of Delaware 99.88% interest rate loan account.

36.     The Howard County Lawsuit sought to recover $2,367.88 alleged to be due and owing on the First Bank of Delaware 99.88% interest rate loan account, along with $255.34 pre-judgment interest and attorney's fees of $393.48.

37.     Plaintiff entered her appearance through counsel and denied the allegations of the Howard County Lawsuit.

38.     Defendant Sunshine Financial through Defendant Scott Morse filed a Notice of Dismissal with prejudice and no judgment was entered in the Howard County Lawsuit against Plaintiff Thomas.

39.     On information and belief, Scott Morse in the sole owner of Sunshine Financial.

40.     While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

41.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff and the Class she seeks to represent has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V.     CLASS ACTION ALLEGATIONS

42.     Plaintiff Thomas brings this action on behalf of a Class which consists of:

> **All persons who have been the subject of debt collection efforts by Law Office of J. Scott Morse, LLC acting as attorney for Sunshine Financial Group, LLC for debts originated by First Bank of Delaware or CashCall, Inc.**

Excluded from the Class are those individuals who now are or have ever been executives of the Defendants and the spouses, parents, siblings and children of all such individuals.

43.     The Class, as defined above, is identifiable.  The Named Plaintiff is a member of the Class.

44.     The Class consists, at a minimum, more than fifty borrowers who entered into a high interest rate loan agreement with First Bank of Delaware or CashCall, Inc. and was subjected to collection efforts by Scott Morse acting as attorney for Sunshine Financial, and is thus so numerous that joinder of all members is clearly impracticable. Fed. R. Civ. P. 23(a)(1).

45.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.  Fed. R. Civ. P. 23(a)(2).

46.     The common and predominating questions include, but are not limited to:

        (a)     Whether Scott Morse is the sole owner of Sunshine Financial;

        (b)     Whether Sunshine Financial employed an attorney to collect on the alleged debts;

        (c)     Whether Sunshine Financial and Scott Morse were legally entitled to collect attorney's fees according to the contracts or by law;

        (d)     Whether it is a violation of FDCPA, MCDCA and MCPA to shield the identity of the debt collector from Class Members;

        (e)     Whether it is a violation of FDCPA, MCDCA and MCPA to state that a debt collector will "collect all unpaid interest" if Class Members do not agree to pay prior to the filing of a debt collection lawsuit when the subsequent debt collection law suit does not seek any contractual interest;

47.     Claims of Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Defendants.

48.     Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4).

49.     Plaintiff is committed to vigorously litigating this matter.

50.     Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

51.     Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

52.     Defendants' actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

53.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.  Fed. R. Civ. P. 23(b)(3).

54.     A class action is the superior method for fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

55.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

56.     Plaintiffs' counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

## V.     CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

57.     Plaintiff incorporates by reference all of the allegations of this Complaint as though fully stated herein.

58.     While attempting to collect the alleged debt from Plaintiff and the Class, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

59.     FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

60.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff and the Class has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

61.     Plaintiff incorporates by reference all of the allegations of this Complaint as though fully stated herein.

62.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6);

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

63.     As a "collector" and "person" under the MCDCA, § 14-201(b) and (d),

Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff and the Class while collecting or attempting to collect an alleged debt.

64.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

65.     As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendant has caused Plaintiff and the Class severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

## COUNT THREE
## (MARYLAND CONSUMER PROTECTION ACT)

66.     Plaintiff re-alleges and incorporates by reference the allegations of this Complaint as though fully stated herein.

67.     Maryland's Consumer Protection Act ("MCPA"), Md. Code Ann., Comm. Law §§ 13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia,* in the extension of consumer credit and in the collection of consumer debts. §§ 13-303(3) and (4).

68.     As a "person" under the MCPA, § 13-101(h), Defendants are prohibited from engaging in unfair and deceptive trade practices.

69.     The MCPA, § 13-301(1), specifically prohibits Defendants from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers.

70.     The MCPA, § 13-301(3), further prohibits Defendants from failing to state a

material fact if the failure deceives or tends to deceive.

71.     In violation of the MCPA, §§ 13-303(3) - (4) and § 13-301(1), Defendants told Named Plaintiff and the Class in writing that: (a) the amount of the alleged debt included unearned and unavailable attorney's fees; (b) it would require Plaintiff and the Class to repay all of the contractual predatory interest rates through a judgment if the consumer did not agree to a payment plan prior to the initiation of a debt collection law suit; and (c) affirmatively asserting that Scott Morse was hired by Sunshine Financial to collect the alleged debts when in fact Scott Morse is the sole owner of Sunshine Financial.

72.     These written statements were false and misleading and tended to and did deceive Named Plaintiff and the Class who made payments to Defendants or allowed Defendants to collect money on Class members' accounts which were not due and owing.

73.     Named Plaintiff and the Class also incurred attorney's fees as a result of these false and misleading written statements.

74.     In violation of the MCPA, §§ 13-303(3) - (4) and § 13-301(3), Defendants failed to disclose to Named Plaintiff and the Class: (a) that Scott Morse is the sole owner of Sunshine Financial and is acting on behalf of himself in collecting debts for Sunshine Financial.

75.     This failure to disclose material facts led Named Plaintiff and the Class to make payments or allowed Defendants to collect money on Class members' accounts which were not due and which they would not have made or allowed Defendants to keep had Defendants informed them of the material facts.

76.     Named Plaintiff and the Class also incurred attorney's fees as a result of these false and misleading written statements.

77.     Defendants committed unfair and deceptive practices by collecting and attempting

to collect on an alleged debts n amounts that were not due and this conduct constitutes unfair and deceptive trade practices in violation of the MCPA, § 13-101, *et seq.*, including §§ 13-303(3) and (4), and §§ 13-301(1) and (3).

78.     As a result of Defendants' unfair and deceptive trade practices in violation of the MCPA, Named Plaintiff and the Class were induced to make payments to Defendants, allowed Defendants to collect funds that belonged to the Class and caused Named Plaintiff and the Class to incur attorney's fees, causing Named Plaintiff and the Class injury and loss.

<u>**COUNT FOUR**</u>
**(UNJUST ENRICHMENT)**

79.     Plaintiff re-alleges and incorporates by reference the allegations of this Complaint as though fully stated herein.

80.     As set forth above, Defendants assessed consumer debts, collected payments, and obtained judgments to which they were not entitled by law, which conferred a substantial benefit on Defendants.

81.     Defendants were aware of, and had knowledge of, this substantial benefit.

82.     By doing so, Defendants have come into the possession of money in the form of payments and garnishments that it had, and has no right to at law or in equity.

83.     It would be inequitable for Defendants to retain any such monies to which it had no legal right.

84.     As a consequence, Named Plaintiff and Class Members have been damaged.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA, MCDCA and MCPA;

- for an award of actual, compensatory damages and punitive damages pursuant to 15 U.S.C. § 1692k against Defendants including an award for emotional distress and mental anguish;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against each Defendant not to exceed $500,000 per Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each Defendant;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203 against each Defendant;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award restitution to all Class Members in an amount to be determined at trial;

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**


Dated: May 20, 2011                              _____/s/  28191_____
                                                 Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
                                                 10811 Red Run Blvd., Ste. 204
                                                 Owings Mills, MD 21117
                                                 T. (443) 213-1977
                                                 E. clz@zlawmaryland.com

                                                 Attorney for Plaintiff

## **JURY TRIAL**

Plaintiff Judith Thomas demands trial by jury.


_____/s/   28191_____
Cory L. Zajdel